**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MANDY R.,

                              Plaintiff,

                                                                              3:20-CV-601
          v.                                                                    (DJS)

KILOLO KIJAKAZI, *Acting Commissioner of*
*Social Security*,[1]

                              Defendant.

---

**APPEARANCES:**                               **OF COUNSEL:**

LACHMAN & GORTON                 PETER A. GORTON, ESQ.
Counsel for Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, NY 13761

U.S. SOCIAL SECURITY ADMIN.     MICHAEL L. HENRY, ESQ.
Attorney for Defendant
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021 and is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

## **DECISION and ORDER**[2]

Currently before the Court, in this Social Security action filed by Plaintiff Mandy R. against the Commissioner of Social Security, are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings.  Dkt. Nos. 13 & 14.  Plaintiff has also submitted a reply brief.  Dkt. No. 17.

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion is denied.  The Commissioner's decision denying Plaintiff disability benefits is reversed and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff applied for Supplemental Security Insurance on December 13, 2016.  Dkt. No. 12, Admin. Tr. ("Tr.") at p. 203.  Plaintiff originally alleged an onset date of October 15, 2011, which she later amended to December 13, 2016.  Tr. at pp. 204 & 222.  Plaintiff alleged disability due to depression and anxiety, learning disabilities, generalized anxiety disorder, PTSD, and shoulder injury.  Tr. at p. 235.  Her application was denied.  Tr. at pp. 78-89.  Plaintiff requested a hearing, and a hearing was held on January 23, 2019 before Administrative Law Judge ("ALJ") Laureen Penn at which Plaintiff was accompanied by a representative and testified.  Tr. at pp. 32-56.  The ALJ issued a determination on February 6, 2019, finding Plaintiff was not disabled since her alleged

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. No. 7 & General Order 18.

onset date. Tr. at pp. 7-23. Plaintiff requested review of the ALJ's determination, and the Appeals Council denied the request for review on April 7, 2020. Tr. at pp. 1-6. Plaintiff filed her Complaint in this action on June 2, 2020. Dkt. No. 1.

### B. The ALJ's Decision

In her decision, the ALJ made a number of findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 13, 2016, the alleged onset date. Tr. at p. 12. Next, the ALJ found that Plaintiff had the following severe impairments: neurodevelopment disorder, panic disorder, and unspecified depressive disorder. *Id.* Third, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. at p. 13.

The ALJ found that Plaintiff "has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: she can perform simple, routine, repetitive work, in an environment with few, if any, workplace changes, and can occasionally interact with supervisors, coworkers, and the public." Tr. at p. 16. Next, the ALJ determined that Plaintiff has no past relevant work. Tr. at p. 22. The ALJ determined that Plaintiff was born on November 2, 1987 and was 29 years old, which is defined as a younger individual age 18-49, on the date the application was filed. Tr. at p. 22. The ALJ next determined that Plaintiff has a limited education and is able to communicate in English. *Id.* The ALJ determined that transferability of job skills is not an issue because Plaintiff does not have past relevant work. *Id.* The ALJ determined that considering Plaintiff's age, education, work

experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. *Id.* The ALJ found that Plaintiff had not been under a disability since December 13, 2016, the date the application was filed. Tr. at p. 23.

## II.  RELEVANT LEGAL STANDARD

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or if it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an

impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff first contends that the ALJ erred by not including any limitations to Plaintiff's ability to maintain a routine. Dkt. No. 13, Pl.'s Mem. of Law, pp. 5-14. Plaintiff asserts that each of the medical opinions in the record stated that Plaintiff has a moderate or greater limitation in maintaining a routine. *Id.* Plaintiff describes that the two physicians who specifically opined on Plaintiff's ability to maintain a routine were Dr. Fassler, who opined a moderate impairment, which the ALJ gave "some weight," and Dr. Slowik, who opined a moderate to marked impairment, which the ALJ gave "some weight." *Id.* Plaintiff's central argument here is that given these opinions, it was error for the ALJ to not find some impairment to her ability to maintain a routine.

The ALJ reviewed each of the opinions in the record and assigned each the same "some weight." Dr. Krantweiss described that Plaintiff's testing scores "showed

moderate to marked deficits across all domains," and that she "would not likely function well in a job that required anything beyond basic reading comprehension, spelling, or mathematical ability. Combined with deficits in intellectual functioning, this author believes [Plaintiff] would have difficulty maintaining competitive employment in many areas." Tr. at p. 462. He further opined that Plaintiff "would have difficulty functioning in competitive work environments. This author believes [she] would be able to read online job applications, but would have some difficulty completing them. This author also suspects [Plaintiff] would have difficulty finding work on her own"; he further opined that "given low scores in intellectual functioning," he "is not hopeful that great improvement will be made" in the areas of math, spelling, and reading comprehension. *Id.* Consultative examiner Dr. Slowik opined that

> The claimant's ability to understand, remember, and apply simple directions and instructions, use reason and judgment to make work-related decisions, interact adequately with supervisors, coworkers, and the public, and sustain concentration and perform a task at a consistent pace is mildly limited. The claimant's ability to understand, remember, and apply complex directions and instructions is moderately limited. The claimant's ability to sustain an ordinary routine, regulate emotions and control behavior is moderately to markedly limited. The claimant's ability to maintain personal hygiene and be aware of normal hazards and take appropriate precautions is not limited. Difficulties are caused by cognitive deficits, low mood, and anxiety.

Tr. at p. 513. Dr. Fassler opined that Plaintiff "retains [the] ability to perform unskilled work." Tr. at p. 73.

The RFC contained in the ALJ's determination is that Plaintiff can "perform a full range of work at all exertional levels, but with the following nonexertional limitations: she can perform simple, routine, repetitive work, in an environment with few, if any,

workplace changes, and can occasionally interact with supervisors, coworkers, and the public." Tr. at p. 16.

Initially, it is unclear how the ALJ actually weighed the various opinions dealing with Plaintiff's mental health because she assigned each of them the same "some weight," without any further explanation as to what extent she was relying on each.  This does not permit meaningful review by the Court.  "A court 'cannot . . . conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered.'"  *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) (quoting *Morgan on behalf of Morgan v. Chater*, 913 F. Supp. 184, 188-89 (W.D.N.Y. 1996)); *see also Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) ("The ALJ must 'build an accurate and logical bridge from the evidence to [his] conclusion to enable a meaningful review.'") (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).  Because it is not apparent to the Court how the ALJ reached the conclusions she did, the matter must be remanded.

The problem with the ALJ's failure to more specifically identify what weight he accorded to specific portions of the sometimes divergent opinions is highlighted by Plaintiff's more specific argument that the ALJ improperly failed to account for Plaintiff's moderate or greater limitation in maintaining a routine, it appears that the ALJ relied on Dr. Fassler's conclusion that Plaintiff can perform unskilled work, as well as Plaintiff's activities of daily living, to draw the conclusion that Plaintiff did not have significant limitations in that area.  It appears that this is the case because Dr. Slowik opined that

Plaintiff had a moderate to marked limitation in her ability to sustain an ordinary routine, Tr. at p. 513, and Dr. Krantweiss did not specifically address this issue in determining her level of intellectual functioning and academic achievement, although he did find significant deficits in many areas relating to her mental capacity to perform work, Tr. at pp. 460-62.

Dr. Fassler is a state agency consultant who reviewed Plaintiff's file. The Second Circuit has "frequently cautioned that ALJs should not rely heavily on the findings of consultative physicians after a single examination. This concern is even more pronounced in the context of mental illness where . . . a one time snapshot of a claimant's status may not be indicative of her longitudinal mental health." *Estrella v. Berryhill*, 925 F.3d 90, 98 (2d Cir. 2019) (internal quotation marks and citation omitted). "In the context of a psychiatric disability diagnosis, it is improper to rely on the opinion of a non-treating, non-examining doctor because the inherent subjectivity of a psychiatric diagnosis requires the physician rendering the diagnosis to personally observe the patient." *Velazquez v. Barnhart*, 518 F. Supp. 2d 520, 524 (W.D.N.Y. 2007) ("A psychiatric opinion based on a face-to-face interview with the patient is more reliable than an opinion based on a review of a cold, medical record."); *see also Stewart v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 1, 1-2 (E.D.N.Y. 2021) ("Here, the ALJ accorded great weight to the opinion of a psychiatrist who *never* examined the plaintiff, plainly in contravention of law and regulations."). In light of this law, the lack of clarity about the role of the individual opinions in assessing Plaintiff's ability to maintain a routine is problematic and should be fully addressed on remand.

Plaintiff additionally argues that the opinion of Dr. Fassler does not constitute substantial evidence in support of the RFC; that the ALJ erred in only giving some weight to the opinion of Dr. Krantweiss; that the ALJ failed to account for Dr. Slowik's assessment of up to a marked impairment in maintaining a routine; and that the ALJ did not sustain her burden at Step Five. Pl.'s Mem. of Law at pp. 15-22. In light of the Court's determination that the matter must be remanded for further consideration of the various opinions of record, it is unnecessary to reach these issues, which may be affected by the ALJ's decision on remand.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REVERSED** and **REMANDED** to the Commissioner, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with the above; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order

upon the parties to this action.

Dated:   October 28, 2021
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge